The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Cramer and the briefs before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioners Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers Compensation Act.
2. Defendant was a duly qualified self-insured at the time of plaintiffs injury.
3. On or about November 10, 1997, an employee-employer relationship existed between plaintiff and defendant.
4. Plaintiffs average weekly wage at all relevant times to this claim was $841.20, resulting in the maximum compensation rate for 1997 of $512.00.
5. Defendant admitted the compensability of plaintiffs low back injury on a Form 21 agreement approved by the Industrial Commission on December 9, 1997. Defendant denied that plaintiffs neck condition is related to the incident of November 10, 1997. The parties entered into a Form 26 agreement to compensate plaintiff for a 12% permanent functional impairment to his lumbar back. Deputy Commissioner Cramer approved this agreement on June 1, 1999, along with a twenty-five percent fee for plaintiffs counsel.
6. Following plaintiffs injury he was out of work for several periods. Temporary total disability benefits were paid as appropriate. Plaintiff is currently working for defendant at plaintiffs pre-injury wage.
7. The issues for determination by the Commission are:
 (a) Whether plaintiffs current neck condition is causally related to his November 10, 1997 injury?
(b) If so, what are the compensable consequences?
8. The parties submitted a set of stipulated medical records from the following sources: Presbyterian Orthopaedic Hospital, Dr. Mack White at the Nalle Clinic, Mercy Hospital South, Matthews Presbyterian Hospital, and Dr. Earl Epps.
 ***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff was forty years of age as of the date of the hearing before the Deputy Commissioner. Plaintiff was employed by defendant as a Fossil Technician III, performing mechanical maintenance at Dukes Riverbend Plant.
2. On November 10, 1997, plaintiff and a co-worker were rebuilding a pump. As they were setting the pump down, plaintiffs foot slipped and he lost his balance momentarily and jerked back. Plaintiff felt an immediate onset of lower back pain. This incident was accepted by defendant as a compensable injury by accident to plaintiffs lower back. At the time of his accident, plaintiff did not experience any neck pain.
3. Subsequent to the accident, plaintiff came under the care of Dr. Jack Vesano. When plaintiff first saw Dr. Vesano on November 11, 1997 plaintiff complained of pain in his lower back, radiating down to his right leg. Plaintiff began a physical therapy program as recommended by Dr. Vesano. Plaintiff felt sporadic neck pain as he underwent physical therapy.
4. When conservative treatment failed to give plaintiff consistent relief from his lower back pain in March 1998, Dr. Vesano performed a lumbar laminectomy and diskectomy at L4-5.
5. Plaintiff had a prior history of neck pain. An MRI performed in 1996 disclosed that plaintiff had a herniated disc at C6-7, but this condition resolved without any surgery.
6. While recuperating from the lumbar back surgery, plaintiff was limited in his activities. Plaintiff spent most of his time lying in awkward, cramped positions propped up on his side. This resulted in increased neck pain. On his March 26, 1998 visit, shortly after the lumbar surgery undertaken as a result of plaintiffs admittedly compensable condition, plaintiff first mentioned neck pain to Dr. Vesano. Two days later, on March 28, 1998, plaintiff presented to Matthews Presbyterian Hospital with complaints of neck and right arm and shoulder pain. He was seen again by Dr. Vesano on March 30. An MRI revealed a disc herniation at C5-6.
7. On April 14, 1998, plaintiff saw Dr. Laxer for his cervical complaints. Dr. Laxer treated plaintiff conservatively with medications for pain and inflammation, as well as physical therapy. By May 14, 1998 plaintiffs neck pain had resolved, although he still had some numbness in his right thumb and index finger. Dr. Laxer followed plaintiff through August 27, 1998, at which time he released plaintiff.
8. Plaintiffs cervical condition is causally related to the admittedly compensable lumbar injury.
9. Plaintiff has been compensated for his permanent partial disability and for all work missed as a result of the November 10, 1997 admittedly compensable low back injury.
10. Plaintiff has not been assigned any permanent partial disability to his cervical spine and has not missed any time from work as a result of his cervical condition.
 ***********
Based upon the findings of fact, The Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiffs cervical condition is a direct and natural consequence of the admittedly compensable lumbar incident of November 10, 1997, and, as such, is compensable. Click v. Freight Carriers, 300 N.C. 164,265 S.E.2d 389 (1980); Starr v. Charlotte Paper Co., 8 N.C. App. 604,175 S.E.2d 342 (1970).
2. As of the date of the hearing before the Deputy Commissioner, plaintiff had missed no work and therefore had no disability as a result of this cervical condition. N.C. Gen. Stat. 97-29.
3. Plaintiff is entitled to the payment of medical expenses incurred or to be incurred as a result of the cervical condition for so long as such examinations, evaluations, and treatments tended to effect a cure or give relief. N.C. Gen. Stat. 97-25.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of the cervical condition for so long as such examinations, evaluations, and treatments tended to effect a cure or give relief.
2. Defendant shall pay the costs of this appeal.
This is the ___ day of January, 2001.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER